UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CYNTHIA VICTORIAN | : | CIVIL ACTION NO.:_____ |
| VERSUS | : | JUDGE:_____ |
| THE KANSAS CITY SOUTHERN RAILWAY COMPANY, TROY CUNNINGHAM, and JASON LATHANIEL RAVIA | : | MAGISTRATE JUDGE_____ |

**NOTICE OF REMOVAL OF DEFENDANTS,
THE KANSAS CITY SOUTHERN RAILWAY COMPANY,
TROY CUNNINGHAM, AND JASON LATHANIEL RAVIA**

Defendants, The Kansas City Southern Railway Company ("KCSR") and Troy Cunningham, remove to this Court the state court action described below.

**Background Facts and Procedural History**

1. On August 3, 2016, Cynthia Victorian ("plaintiff") commenced this action in connection with a collision that occurred when the vehicle she was driving ran into a Hi-rail vehicle owned by The Kansas City Southern Railway Company in Calcasieu Parish, Louisiana on or about August 18, 2015.

2. This action was filed in the 14th Judicial District Court for the Parish of Calcasieu and bears the caption, *Cynthia Victorian v. The Kansas City Southern Railway Company, Troy Cunningham, and Jason Lathaniel Ravia,* No. 2016-003201 ("the petition").

3. Plaintiff alleges that, as a result of the collision, she has suffered and continues to suffer physical and mental pain and anguish, has incurred and will continue to incur expenses for medical attention, has suffered the loss of the capacity to enjoy life, and has and will continue to suffer mental and psychological pain and anguish. Plaintiff specifically alleges that, "[a]t this time, it does appear that the amount in dispute in petitioner's claim entitles petitioner to a jury trial."

### Improper Joinder of Jason Ravia

4. Although plaintiff named Jason Ravia, a Louisiana resident and employee of KCSR, as a defendant, his joinder is improper and ostensibly for the sole purpose of attempting to defeat diversity jurisdiction and to prevent removal of this case, since there is no possible basis for recovery against him. Contrary to the allegations in plaintiffs' petition, Jason Ravia was a passenger riding in the Hi-rail vehicle that was struck by plaintiff, and was neither driving the vehicle or nor responsible for its operation. *See* attached Affidavit of Troy Cunningham (Exhibit A), the individual who *actually was* driving the Hi-rail vehicle when it was struck by plaintiff.[1] Accordingly, there is no possible basis for recovery against Jason Ravia, and his joinder in this lawsuit is improper.

5. Pursuant to 28 U.S.C. §1441(b), an action shall be "removable . . . if none of the parties in interest properly joined and served as Defendants is a citizen of the state in which such action is brought." If a defendant has been improperly joined, its presence must be disregarded by the Court in determining the existence of diversity jurisdiction and assessing the propriety of removal. *See Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 101-02 (5th Cir. 1990). Whether a

---

[1] The use of an affidavit is allowed in determining this issue. *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 68 (5th Cir. 2010); *Campbell v Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007).

case is removable is determined by reference to the allegations made in the state court pleadings. *See Tedder v. F.M.C. Corp.*, 590 F.2d 115, 116 (5th Cir. 1979). In addition, the Fifth Circuit has recognized that the court may "pierce the pleadings" and review all evidence placed before it in determining whether improper joinder has occurred. *See Carriere*, 893 F.2d at 100. The Court must determine whether "there is arguably a reasonable basis for predicting that state law might impose liability" against the non-diverse defendant. *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003). "This means that there must be a reasonable possibility of recovery, not merely a theoretical one." *Id*.

Removal on the basis of improper joinder is appropriate if there is no reasonable basis on which the district court can predict that plaintiffs might be able to recover against the non-diverse defendant. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004) (*en banc*). The standard by which a plaintiff's claims must be analyzed to determine whether the non-diverse defendant has been improperly joined has been stated thus: "[T]he court determines whether that party has any possibility of recovery against the part whose joinder is questioned. If there is arguably a basis for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder." *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).

6. Because Jason Ravia was not operating the utility vehicle involved in the collision at issue, there is no possible basis for recovery against him and no reasonable basis for this Court to predict that plaintiff may be able to recover against him. *See Smallwood*, 385 F.3d at 573-74. Indeed, the allegations asserted against Mr. Ravia in Paragraph 9 of the plaintiff's petition are

allegations germane to a vehicle driver, except that rather than specifying the driver the allegations employ the pronoun "they."  Pronoun choices in pleadings cannot transform a vehicle passenger into a vehicle driver.  Consequently Jason Ravia was improperly joined and his citizenship must be disregarded in the consideration of whether diversity jurisdiction exists.

### Diversity Jursidiction

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.  Because Jason Ravia has been improperly joined, complete diversity exists as to all true parties in interest; and the amount in controversy clearly exceeds the sum of $75,000, exclusive of interest and costs.

8. Plaintiff is domiciled in Calcasieu Parish, Louisiana, as alleged in her petition.

9. Defendant, KCSR is a corporation incorporated in Missouri with its principal place of business in Kansas City, Missouri.  See 28 U.S.C. § 1332(c)(1).

10. Defendant, Troy Cunningham, resides in and is domiciled in Orange, Texas.

### Timeliness of Removal

11. Plaintiff served Jason Ravia with process for the original petition at his home through the Calcasieu Parish Sheriff on August 8, 2016.  Plaintiff served KCSR with process for the original petition via C T Corporation System on September 6, 2016.  Thus, this Notice of Removal is filed timely in compliance with 28 U.S.C. § 1446(b).

### The Amount in Controversy Exceeds $75,000

12. While denying any liability to plaintiff, defendants would show that the amount in controversy in this case, exclusive of interest and costs, exceeds the jurisdictional amount of $75,000 as set forth in 28 U.S.C. §1332.

13. The petition is silent as to the amount in controversy, although the plaintiff specifically alleges that "it does appear that the amount in dispute in petitioner's claim entitles petitioner to a jury trial."[2]  Thus, plaintiff herself contends that the amount in controversy exceeds $50,000.  Moreover, by failing to allege that their damages were insufficient to satisfy the federal jurisdictional minimum, plaintiff has, in effect, conceded by her state court pleadings that the requisite jurisdictional amount *is* in controversy.  This creates a "strong presumption" in favor of jurisdiction.  *Bruce v. Fisher*, No. 06-0840, 2006 WL 2505908, at *1 (W.D. La. July 13, 2006).

14. The removing party must "establish by a preponderance of the evidence that the amount in controversy exceeds $75,000."  *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945 (2003).  The removing party can meet this burden by demonstrating that it is facially apparent from the petition that the claims likely are above $75,000, or, where it is not facially apparent, by setting forth facts in controversy demonstrating that the amount in controversy exceeds $75,000.  *Id*.  *See also St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

15. Here, it is facially apparent from plaintiff's petition that the requisite amount in controversy is present.  That petition alleges "that the full extent of [plaintiff's] injuries are unknown at this time, and, that . . . petitioner suffered and is suffering from pain in her neck and back and other parts of her mind and body, all of which injuries have necessitated petitioner to undergo medical treatment.  Furthermore, by reason of the said injuries, petitioner has suffered and will continue to suffer physical and mental pain and anguish and has incurred and will

---

[2] The Court certainly is familiar with the Louisiana state court jury trial threshold of $50,000.  La. Code Civ. P. art. 1732.

continue to incur expenses and bills for medical attention including but not limited to medical clinic bills, physicians bills, expenses for transportation to and from physicians and other medical and medically related expenses.  Petitioner has also suffered a loss of the capacity to enjoy life and past, present and future mental and psychological pain and anguish." Plaintiff's petition at Para. 10.

16.    Although this matter is at its inception, plaintiff's counsel has provided defendants' counsel with medical bills incurred post-accident by plaintiff that exceed $37,000. Attached hereto as Exhibit B.

Summary of Medical Bills

| Provider | Date of Visit | Charges | Description |
|---|---|---|---|
| Acadian Ambulance | 8/18/15 | $1,645.54 | High Hope to Christus St. Patrick Hospital |
| Christus St. Patrick | 8/18/15 | $18,541.16 | ER and Imaging |
| Jaeger Emergency Phys | 8/18/15 | $1,508.00 | Emergency Injury Evaluation |
| Pathology Laboratory | 8/18/15 | $73.00 | Comprehensive Metabolic Panel |
| Walgreens Pharmacy | 8/18/15 | $5.53 | Rx for Hydrocodone 10-325 T |
| Hanger Clinic | 8/18/15 | $78.00 | Crutches |
| Imperial Health | 8/21/15 – 4/15/16 | $2,147.00 | 7 visits to 3 Imperial Health providers |
| Imperial Health | 9/1/15 – 4/21/16 | $6,957.00 | 21 visits to 8 Imperial Health providers |
| American Specialty Pharmacy | 9/4/15 & 3/30/16 | $3,277.48 | Arthritis medication |
| Rehab One LLC | 4/6/16 – 5/31/16 | $1,447.00 | Plaintiff's Counsel indicated she is continuing to see her physical therapist and has not received her records to date. |

| Open Air MRI | 4/13/16 | $1,150.00 | Cervical Spine MRI, 7 months post-accident |
| Walmart Pharmacy | 9/5/15 – 4/11/16 | $210.97 | 8 prescriptions written from 6 physicians |

17. Plaintiff's medical records indicate that following the accident, plaintiff has complained of a left foot injury, low back/lumbar pain, and neck/cervical pain for which she sought and continues to seek medical treatment. The damages alleged by the plaintiff and for which she has sought treatment, incurred medical expenses (which she seeks to recover in this lawsuit) and *continues* to seek treatment render the amount in controversy of this claim in excess of the $75,000. *See, e.g. Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 297–98 (5th Cir. 1999); *Guillory v. Progressive Paloverde Ins. Co.*, No. 2:13-CV-01980, 2013 WL 6180294, at *2 (W.D. La. Nov. 25, 2013); *Lecoq v. Great W. Cas. Co*., No. CIV.A. 12-485-JJB-RL, 2013 WL 4897385, at *5 (M.D. La. Sept. 11, 2013); *McDonald v. Target Corp. of Minn*., No. CIV.A. 11-598, 2011 WL 2160495, at *1 (E.D. La. June 1, 2011).

18. Accordingly, the amount in controversy exceeds $75,000 for diversity jurisdiction.

**Compliance with Removal Process**

19. Defendants have attached a copy of all process, pleadings, and other documents served on them. (*See* Exhibit C.)

20. Defendants have attached copies of all records and proceedings filed in the State Court suit pursuant to 28 U.S.C. §1447(b) (Exhibit D).

21. Pursuant to 28 U.S.C. §1446(d), defendants shall promptly file written notice of the filing of this Notice of Removal to all adverse parties and with the Clerk of the Fourteenth Judicial District Court for the Parish of Calcasieu, State of Louisiana.

22. Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, defendant KCSR will promptly file a Corporate Disclosure Statement.

23. KCSR and Troy Cunningham expressly consent to this removal.  Because Jason Ravia was improperly joined in an attempt to defeat this Court's diversity jurisdiction, no consent to removal is required.  Nevertheless, and out of an abundance of caution, Jason Ravia likewise expressly consents to this removal.

24. Defendants reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, The Kansas City Southern Railway Company and Troy Cunningham respectfully request that this Court assume full jurisdiction over the cause herein as provided by law.

Respectfully submitted,

s/ROBERT E. LANDRY, Bar No. 18999
KEVIN P. FONTENOT, Bar No. 30503
SCOFIELD, GERARD, POHORELSKY,
    GALLAUGHER & LANDRY, L.L.C.
901 Lake Shore Drive, Suite 900 (70601)
P. O. Drawer 3028
Lake Charles, LA 70602-3028
337-433-9436
337-436-0306 (Facsimile)
**Counsel for Defendants,**
    **THE KANSAS CITY SOUTHERN**
    **RAILWAY COMPANY and**
    **TROY CUNNINGHAM**

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CYNTHIA VICTORIAN | : | CIVIL ACTION NO.:_____ |
| VERSUS | : | JUDGE:_____ |
| THE KANSAS CITY SOUTHERN RAILWAY COMPANY, TROY CUNNINGHAM, and JASON LATHANIEL RAVIA | : | MAGISTRATE JUDGE_____ |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Notice of Removal has been served upon all known counsel of record by placing same in the United States mail, postage prepaid and properly addressed, this 7th day of September, 2016, as follows:

>Mark A. Delphin
>Arthur J. O'Keefe
>Delphin Law Offices
>A Professional Law Corporation
>626 Broad Street
>Lake Charles, LA  70601
>337-439-4504 (Facsimile)

s/ROBERT E. LANDRY